U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP - 5 2023

TONY R. MOORE, CLERK
BY: _____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 23-cr-00207 |
| | * | |
| VERSUS | * | DISTRICT JUDGE HICKS |
| | * | |
| DEMARKES GRANT | * | MAGISTRATE JUDGE HORNSBY |

## PLEA AGREEMENT

**A.  INTRODUCTION**

1.  This document and any attached documents contain the complete plea agreement between the Government, represented by the United States Attorney's Office for the Western District of Louisiana and the Civil Rights Division of the Department of Justice, and the Defendant, DEMARKES GRANT. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise, or condition exist unless it is committed to writing in an amendment attached to this document and signed by the Defendant, an attorney for the Defendant, and an attorney for the Government. The terms of this plea agreement are only binding on the Defendant and the Government if the Court accepts the Defendant's guilty plea.

**B.  THE DEFENDANT'S OBLIGATIONS**

1.  The Defendant, DEMARKES GRANT, shall appear in open court and plead guilty to Count 1 of the Bill of Information in this case, which charges him with

Obstruction of Justice, in violation of 18 U.S.C. § 1519. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### C. THE GOVERNMENT'S OBLIGATIONS

1. If the Defendant completely fulfills all of his obligations and agreements under this plea agreement, the Government agrees that it will not prosecute the Defendant for any other offense currently known to the United States Attorney's Office, based on the investigation that forms the basis of the Bill of Information.

2. The Government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the Defendant to receive a one point reduction in his offense level should that offense level be 16 or greater, as the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.

### D. SENTENCING

1. The Defendant, DEMARKES GRANT, understands and agrees that:

   a. The maximum punishment on Count 1 is a term of imprisonment of not more than twenty (20) years (pursuant to 18 U.S.C. § 1519) and a fine of not more than $250,000 (pursuant to 18 U.S.C. §§ 1519 and 3571), or both;

   b. He shall be required to pay a special assessment of $100 **at the time of the guilty plea** by means of a cashier's check, bank official check, or money order payable to "Clerk, U.S. District Court";

  c. He may receive a term of Supervised Release of not more than three (3) years in addition to any term of imprisonment imposed by the Court (pursuant to 18 U.S.C. § 3583(b)(2));

  d. As a part of the terms of Supervised Release, the Court is required to impose mandatory conditions and the Defendant understands and agrees that the Court will impose standard conditions and may also impose special conditions of Supervised Release;

  e. A violation of any condition of Supervised Release at any time during the period of Supervised Release may result in the Defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

  f. The period of incarceration for a violation of a condition of Supervised Release could be as much as the full term of Supervised Release initially ordered by the Court regardless of the amount of time of Supervised Release the Defendant had successfully completed;

  g. In addition to the penalties set forth in the preceding paragraphs, the Court may order the Defendant to pay restitution;

  h. Any fine and/or restitution imposed as part of the Defendant's sentence will be made due and payable immediately, and the Defendant will be held liable for all restitution, and any federal income tax refund received by the Defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

i. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on him to be used in consideration of his ability to pay any restitution or fine that may be imposed by the Court;

j. As part of the presentence investigation, the U.S. Attorney's Office will make available to the Court all evidence developed in the investigation of this case; and

k. This case is governed by the Sentencing Reform Act, as modified by United States v. Booker, 543 U.S. 220 (2005), and he has discussed the United States Sentencing Guideline ("U.S.S.G.") and their applicability with his counsel and understands and acknowledges that a final determination of the applicable offense level and guidelines range will be made by the Court.

2. The Government and the Defendant stipulate, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), that the applicable offense level, prior to any adjustment for acceptance of responsibility or consideration of the Defendant's criminal history, is 19. The Defendant understands and agrees that that stipulation binds the Government and the Defendant, but not the Court. The Government and the Defendant calculated the offense level as follows:

| Guideline Section | Description | Level |
|---|---|---|
| Chapter 2 Offense Conduct | | |
| § 2J1.2(c) | Obstruction of Justice (cross-reference to § 2X3.1) | - |
| § 2X3.1 | Base offense level is 6 levels lower than the level for the underlying offense (cross-reference to § 2H1.1) | -6 |

| Guideline Section | Description | Level |
|---|---|---|
| § 2H1.1(a)(1) | Base offense level is offense level from guideline applicable to underlying offense (cross-reference to § 2A2.2, Aggravated Assault with Serious Bodily Injury) | +19 |
| § 2H1.1(b)(1)(B) | Offense committed under color of law | +6 |
| | TOTAL OFFENSE LEVEL: | 19 |

3. The Court alone will decide what sentence to impose.

4. The Defendant, DEMARKES GRANT, understands and agrees that the failure of the Court to adhere to a sentencing recommendation tendered by the Government or the Defendant shall not be a basis for setting aside the guilty plea, which is the subject of this agreement.

E. **ENTIRETY OF AGREEMENT**

1. This plea agreement consists of this document and any addendum required by Standing Order 1.86. The Defendant, the Defendant's attorney, and the Government acknowledge that this plea agreement is a complete statement of the parties' plea agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

F. **SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT**

I have read this plea agreement and have discussed it fully with my client, DEMARKES GRANT. It accurately and completely sets forth the entire plea agreement. I concur in DEMARKES GRANT pleading guilty as set forth in this plea

agreement.

Dated: 8-25-23

/s/ A. Washington
ALEX WASHINGTON
Attorney for the Defendant

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: 8-25-23

/s/ Demarkes Grant   X
DEMARKES GRANT
Defendant

We accept and agree to this plea agreement on behalf of the United States of America.

Dated: 8/30/23

BRANDON B. BROWN
United States Attorney

*(signature)*

SETH D. REEG, La. Bar No. 34184
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, LA 71101
Phone: (318) 676-3600

KRISTEN CLARKE
United States Assistant Attorney General

Dated: 8/29/23

*(signature)*

ERIN MONJU, N.Y. Bar No. 5160908
Trial Attorney